UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TAUHEED CARR, | ) | Case No. CV 13-5582 PSG(JC) |
| Petitioner, | ) ) | (PROPOSED) |
| v. | ) ) | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| THE STATE OF CALIFORNIA, | ) ) | |
| Respondent. | ) ) | |

On August 2, 2013, petitioner Tauheed Carr ("petitioner"), an inmate who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") challenging a conviction in Los Angeles County Superior Court. Petitioner, among other things, failed to name a proper respondent and instead named the State of California as the respondent. See Morehead v. State of California, 339 F.2d 170, 171 (9th Cir. 1964) (State of California incorrectly named as respondent); Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (appropriate respondent is petitioner's immediate custodian (*i.e.*, the prison warden at the facility where he is currently housed)); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (failure to name correct respondent destroys personal jurisdiction).

///

Accordingly, on August 15, 2013, the court issued an order which advised

petitioner of deficiencies in the Petition, including the fact that the Petition failed to name a proper respondent, and granted petitioner leave to file a first amended petition for writ of habeas corpus curing such deficiencies by not later than September 4, 2013 ("August Order"). The August Order cautioned petitioner that the failure timely to file a first amended petition may result in the dismissal of this action based upon the deficiencies in the Petition identified in the August Order, petitioner's failure to prosecute and/or petitioner's failure to comply with the August Order.

As petitioner failed by the foregoing deadline to file a first amended petition for writ of habeas corpus, the court, on September 19, 2013, issued an Order to Show Cause ("OSC") directing petitioner to show cause in writing, by not later than October 9, 2013, why this action should not be dismissed based upon, among other things, the deficiencies identified in the Petition in the August Order, petitioner's failure to prosecute, and/or petitioner's failure to comply with the August Order. The OSC expressly cautioned petitioner that the failure to comply with the OSC and/or to show good cause, would result in the dismissal of this action based upon, among other things, the deficiencies identified in the Petition in the August Order, petitioner's failure to prosecute, and/or petitioner's failure to comply with the August Order and the OSC.

Petitioner did not timely respond to the OSC. However, on October 23, 2013, petitioner belatedly submitted what the Court has liberally construed to be a response to the OSC ("Response"). The Response was formally filed on October 28, 2013. Although the Response addressed other issues referenced in the OSC, it did not address petitioner's failure to name a proper respondent or to file a first amended petition for writ of habeas corpus doing so.

In light of petitioner's failure to name a respondent over which the Court has personal jurisdiction, or to file a first amended petition naming a proper respondent after having been given ample opportunity to do so, it is appropriate to

dismiss this action without prejudice.

  IT IS THEREFORE ORDERED that this action is dismissed without prejudice. All other pending motions are denied as moot.

  IT IS SO ORDERED.

  DATED: December 3, 2013

_____
HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE